40 C.C.P.A.(Patents)
**Application of NEELY.**

No. 5976.

United States Court of Customs and
Patent Appeals.

June 24, 1953.

Eugene E. Stevens, III, Washington,
D. C., for appellant.

E. L. Reynolds, Washington, D. C. (H. S.
Miller, Washington, D. C., of counsel), for
the Commissioner of Patents.

Before O'CONNELL, JOHNSON,
WORLEY, COLE and JACKSON (re-
tired), Judges.

JOHNSON, Judge.

This is an appeal from the decision of the
Board of Appeals of the United States
Patent Office affirming the action of the
Primary Examiner in finally rejecting
claims 7, 8 and 9 of appellant's application,
serial no. 60,490, for a patent on a "Gar-
ment Envelope." All the appealed claims
are article claims and no claims have been
allowed in the application.

Appealed claim 8 reads as follows:

"8. In a garment bag of the envelop
[sic] type, an envelop portion closed
at its top, bottom and sides, a slit open-
ing in the front of said envelop portion
extending in a straight line between its
center top front downwardly to a point
near its bottom side; said slit opening
dividing the front of said envelop into
two unequal parts so that more than
half of the front of said envelop portion
is covered at all times, and a zipper
means for closing said slit opening at
times; said envelop portion so con-
structed that in covering a hangered
garment it is placed thereon by a single
sidewise motion so that the garment
passes in front of the smaller of the
two parts of the front of said envelop
portion and behind the larger of said
two parts whereby it is substantially
enclosed by this single motion and the
remaining portion of the garment can
be then enclosed by the smaller of said
two parts of the front of the envelop
portion."

Claims 7 and 9 are similar to this claim,
claim 7 being broader and claim 9 contain-
ing two additional limitations. Claim 7
omits the claiming of the straight line with
reference to the slit opening, the limitation
as to more than half of the front portion
being covered at all times and the fact that
a zipper is the means used to close the slit
opening. Claim 9 adds the limitation that
substantially three-fourths of the front por-
tion is covered at all times rather than at
least half, and that the upper end of the
slit opening is designed to embrace the hook
shaft portion of a garment hanger.

The references relied on are:

Kinsey 1,320,869 Nov. 4, 1919
Holbrook 1,651,706 Dec. 6, 1927
Pick (Br.) 437,876 Nov. 6, 1935
Wilson-Haffenden
(Br.) 440,673 Jan. 3, 1936

Appellant's alleged invention, as is apparent from the quoted claim, is a garment bag of the envelope type, closed on all sides, and provided with a diagonal slit opening in the front thereof, extending from the top center to a bottom side, with means for closing the opening, when desired.

The Kinsey patent discloses a garment bag of the envelope type, closed on all sides, provided with a vertical opening down the front that can be closed with snap fasteners. A wire frame is attached to the bag on the inside at the top and a hook portion of the frame extends upwardly through the vertical opening. Holbrook discloses a similar type of garment bag, with a grommet at the top of the opening through which the hook of a hanger can be inserted to suspend the bag. The British patent to Wilson-Haffenden is also for a garment bag of the envelope type which has a vertical opening down the front that can be closed with snap fasteners, but the bottom side of this bag is open. It is also possible to extend the hook portion of a hanger through the top of the vertical opening. Pick discloses, in his British patent, a travelling bag of the type that can be suspended in an upright position for removal or replacement of garments and, when traveling, can be folded double and carried in the manner of a suitcase. Pick discloses means to open his bag so that hangered garments can be placed therein when the bag is suspended in an upright position. This means is three openings, closed by zipper, one opening disposed horizontally across the top of the front of the bag, one vertically down a side of the front, and the third extending from the intersection of the first two diagonally down to the opposite front side.

The examiner rejected claims 7 and 8 as unpatentable over either Kinsey or Holbrook in view of Pick. He was of the opinion that merely to extend the opening of either primary reference from the top center downwardly to a point near the bottom side would not produce any new or un-obvious results or amount to invention. Also the examiner pointed out that it was old in the art to employ diagonal slit openings in view of Pick, which patent was also relied on to show that it was common to use zippers instead of snap fasteners to close slit openings. Claim 9 was rejected on Kinsey in view of Pick for the reasons given against claim 7. The limitation with respect to the slit embracing the hook shaft portion of a garment hanger was considered fully met by Kinsey. The examiner also rejected claim 9 as unpatentable over the Wilson-Haffenden patent in view of Pick, applying the same reasons as used in regard to the Kinsey patent and adding that it would not be invention to close the bottom of the Wilson-Haffenden bag.

In affirming the examiner the Board of Appeals admitted that there was a difference between the bag set out in appellant's claims and those shown in the prior art. The Board acknowledged this difference in the following words:

"It is evident in considering the requirements of the appealed claims that none of the references discloses a garment bag having a diagonal slit opening extending from its top center to a point 'near its bottomside.' * * *

"While appellant's disposition of the bag opening is slightly different from that disclosed in the references, we are of the opinion that the arrangement is not productive of results sufficiently distinctive or unobvious to warrant a conclusion that invention was called upon in its design."

Then after discussing the references the Board stated:

"We agree with the examiner that modification of the vertical openings of the other references to define a diagonally disposed opening does not call upon the exercise of invention in view of what is taught by Pick."

Appellant argues that his garment bag with the diagonal opening is productive of two new and unobvious results, first: that a garment on its hanger can be substantially encased in the envelope by a single sidewise motion and second: that the garment and envelope can be hung up as a unit with a portion of the garment exposed.

It is appellant's contention that none of the references even remotely suggest these allegedly new results. However, the Kinsey patent states as one of its objects:

"Another object is to provide a device of this character * * * having means for conveniently suspending the garments, while completely covered, * * * whereupon the covering means may be readily withdrawn on either or both sides to disclose and permit the withdrawal of part or all of the contents of the same."

And it would seem obvious that if one side can be withdrawn to expose the contents of the bag it could also be withdrawn to allow a garment to be slipped into the bag in a single sidewise motion.

 In making his argument for new and unobvious results appellant lays great stress on the statement of the Board that his garment bag and zipper arrangement does not produce results "sufficiently distinctive or unobvious to warrant a conclusion that invention was called upon in its design." From this appellant reasons that the Board found distinctive and unobvious results in the claimed structure and therefore, the claims should be allowed, citing In re Dann, 47 F.2d 356, 18 C.C.P.A., Patents, 1031. However in the Dann case this court stated, 47 F.2d at page 358, 18 C.C. P.A., Patents, at page 1035:

"The combination was not obvious to one skilled in the art, and, in our opinion, *involves invention.*" (Emphasis added.)

while, in the appealed claims, the Board distinctly said that it was their opinion that no invention was involved. Moreover, we are not convinced that appellant's structure is productive of any new or unobvious results. As we have pointed out above it would be possible to slip a garment into the bag of Kinsey with a single sidewise motion and in so doing at least half of the garment would be encased in the envelope. To encase more than half of the garment by moving the opening as was done by appellant does not, in our opinion, produce an unobvious result.

Appellant also argues that it is improper to combine the references as was done by the examiner and the Board since no single reference discloses his claimed structure, nor does any combination disclose the actual diagonal opening as required by the claims. However, we have stated as recently as In re Bisley, 197 F.2d 355, 362, 39 C.C.P.A., Patents, 982 at page 991:

"It is well settled that claims may be properly rejected on a combination of several patents taking specific features from each. It is not necessary that a complete disclosure be contained in a single reference. * * * Moreover, a claim may sometimes be properly rejected on a combination of references even though that combination does not show all limitations in the claim, *providing* such limitations as are not shown are not inventive and patentable over the disclosures of the prior art." (Emphasis by court).

We can agree with appellant that the appealed claims disclose a novel and useful garment bag. But novelty and usefulness alone are not sufficient to support the allowance of appealed claims. To be allowable there must also be inventive subject matter in the claims. In re Lindberg, 194 F.2d 732, 39 C.C.P.A., Patents, 866; In re Levin, 178 F.2d 945, 37 C.C.P.A., Patents, 791. And, it is our opinion that no invention is involved in the claimed subject matter.

 Appellant also makes mention in his brief of commercial success of his alleged invention and states that it is not a mere paper invention. No evidence was offered to prove the allegation of commercial success beyond a reference to an advertising circular which was part of the record. However, even if appellant had proved the commercial success of his article it would not be a sufficient reason to allow the claims here on appeal. The fact of commercial success can only be a factor when there is doubt as to whether an invention is disclosed in the appealed claims. In re Miller, 194 F.2d 106, 39 C.C.P.A., Patents, 824; In re Russell, 157 F.2d 190, 34 C.C.P.A., Patents, 721. As we have pointed out before we have no doubt as to the lack of inventive matter disclosed in the appealed claims.

For the reasons hereinbefore stated the decision appealed from is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein in place of GARRETT, C. J.