**Howard B. CUMMINGS, Plaintiff,**

v.

**David L. LADD, Commissioner of Patents, Defendant.**

**C. A. No. 175–63.**

United States District Court
District of Columbia.
Nov. 18, 1964.

Roberts B. Larson, Larson & Taylor, Washington, D. C., and Albert L. Ely, Jr., Ely, Pearne & Gordon, Cleveland, Ohio, for plaintiff.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This cause came on for trial December 9, 1963. The Court, after reviewing the evidence and arguments presented by both parties, ruled in favor of the defendant.

Pursuant to Rule 52(a), Federal Rules of Civil Procedure, the Court renders the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Plaintiff brought this action under 35 U.S.C. § 145, seeking a judgment from this Court authorizing the Commissioner of Patents to grant a patent to him containing claims 1 to 13, and 15 to 17, inclusive, of his application for patent Serial No. 719,044, filed March 4, 1958, entitled "Handled Cup and Method of Making Same."

2. The invention described in the application relates to manufacture of a conventionally shaped tea or coffee cup by adhesively securing a finished handle to a finished ceramic cup body. This facilitates handling the cup body by machine during the glazing and decoration thereof, since no handle then projects from the cup to interfere. Additionally, the adhesive becomes a cured elastomeric pad

in the finished product, thus cushioning the connection of the handle to the cup body. This feature reduces breakage or chipping during use of the cups.

3. Claims 1 to 13 call for the product, whereas claims 15 to 17 recite the method of manufacture. Claims 1 and 15 are illustrative, and read as follows:

1. As an article of manufacture, an article of dishware comprising a body of ceramic material and a separately formed appendage secured thereto, a pad of cured elastomeric material interposed between and secured to adjacent surfaces of said body and appendage, said pad being of sufficient thickness to permit limited relative motion of said appendage with respect to said body.

15. The process of handling a ceramic cup comprising the steps of forming, firing, and glazing a cup body of ceramic clay, forming a separate handle portion, joining said handle portion with a sufficient thickness of uncured elastomeric material to permit limited relative movement of said handle with respect to said body, and then curing said elastomeric material.

4. The previously known subject matter relied upon by the Patent Office in denying plaintiff's application were the following United States Patents:

| | | |
|---|---|---|
| Weckerle | 1,742,625 | Jan. 7, 1930 |
| Klayf | 2,099,741 | Nov. 23, 1937 |
| Watkins | 2,618,959 | Nov. 25, 1952 |
| Somerville | 2,909,204 | Oct. 20, 1959 |
| | (filed Oct. 23, 1953) | |

At trial, defendant introduced the following additional United States Patents:

| | | |
|---|---|---|
| Atterbury | 75,110 | Mar. 3, 1868 |
| Pierce | 2,597,522 | May 20, 1952 |
| Newell | 2,660,039 | Nov. 24, 1953 |

5. The Klayf patent illustrates a conventionally made tea cup, i. e., one in which a molded green handle is adhered by an aqueous clay suspension known as "slip" to a green cup body, prior to the firing and glazing of the assembly as a unit.

6. The Pierce and Newell patents disclose goblet constructions, wherein the beverage vessel is adhesively secured to a base or stem which may be used as a handle. Additionally, Pierce discloses the interposition of a cushioning material in such connection, to eliminate jarring of the container portion.

7. Atterbury shows a glass pitcher blown in a mold, and a looped side handle "stuck to the pitcher in any suitable manner."

8. Of the remaining references, Watkins is most pertinent, disclosing a backing material or elastic and chemically resistant synthetic resin adhesive for mounting glass panels and fixtures. One of his objectives was to back glass articles with such adhesive "in a manner to increase their resistance to fracture from shocks or blows, and to reduce breakage due to handling, mounting, etc. to a minimum." One example was a

glass or porcelain cup holder bracket attached to a glass wall panel, such as commonly found in bathrooms.

9. The Court finds the article of manufacture defined in claims 1 to 13 would have been obvious to one of ordinary skill in view of the art. The references indicate that manufacturers of drinking cups and the like recognized the possibility of adhesively securing or sticking a finished handle to a finished beverage container, as well as the need of cushioning at such a connection. Moreover, the menders of broken dishware have long used glue for reattaching handles to cups. The Watkins reference in particular discloses an adhesive which will cure as an elastic and chemically resistant bond between the surfaces of glass objects and the like. Hence, a person skilled in the art would find it obvious to secure a handle to a finished cup with Watkins' adhesive, or an equivalent. In so doing, nothing unusual or surprising accrues. Rather, the result is merely an aggregation of old elements giving rise to expected results.

10. The Court agrees with the finding by the Patent Office Board of Appeals that process claims 15 to 17 merely represent an obvious method of making plaintiff's disclosed product. Also, preceding finding No. 10 applies to claims 15 and 16 as well, insofar as the use by a cup manufacturer of the Watkins adhesive is concerned.

11. The ancillary findings by the Board of Appeals that claims 1, 2 and 3 are fully met by either Weckerle or Watkins, and that claim 15 is unpatentable over Weckerle, appear to have reasonable basis, especially in view of the breadth of these claims.

## CONCLUSIONS OF LAW

1. Where a combination of known elements is concerned, the lack of any "unusual or surprising consequences" should negate patentability, Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Co., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950) ; Consolidated Trimming Co. v. Loudon, 99 U.S.App.D.C. 213, 239 F.2d 33 (1956). "In cases involving combinations of old elements, it is the A. & P. standard that determines whether there is validity under § 103 of the Patent Act," Dresser Industries, Inc. v. Smith-Blair, Inc., 9 Cir., 322 F.2d 878 (1963).

2. An obvious method of producing an article of manufacture is not patentable, In re Larsen, 49 CCPA 711, 292 F.2d 531 (1961).

3. Plaintiff's claims 1 to 13 and 15 to 17, inclusive, are not patentable.

4. The Complaint should be dismissed.