28 C.C.P.A.(Patents)

## In re JANNELL.

### Patent Appeals No. 4487.

Court of Customs and Patent Appeals.

June 30, 1941.

LENROOT, Associate Judge, dissenting.

———————

James P. Burns, of Washington, D. C., and Charles E. Herrstrom, of Cleveland, Ohio, for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The instant appeal is from a decision of the Board of Appeals of the United States Patent Office which affirmed a decision by the Primary Examiner denying all the claims, numbered 29 to 34, inclusive, in appellant's application for a patent for "Apparatus for Processing Thread." Appellant in his brief before us states that he "hereby formally withdraws the appeal as to claim 34 * * *." We will treat this as a motion to dismiss the appeal as to claim 34, which motion will be allowed, thus leaving for our consideration claims 29 to 33, inclusive. Of these claims we regard claim 29 as illustrative. It follows:

"29. Apparatus for the manufacture of thread or the like in which the thread or the like is at all times accessible from a working face defined as a verticle plane paralleling the longitudinal axis of the apparatus as a whole comprising a horizontally extending catena of thread-advancing thread store devices individually presented obliquely to but having corresponding parts of adjacent devices spaced equidistantly from said working face each of which devices serves to advance the thread or the like in the general direction of said working face in a plurality of closely spaced, generally helical turns, said thread-advancing thread store devices being arranged (a) with the receiving end of each device other than the first in apposition to the discharge end of the preceding device, (b) with the axes of all devices disposed substantially horizontally, and (c) with the projected axes of all devices impinging at the same acute angle upon said vertical plane; individual drive shafts for said thread-advancing thread store devices; a common secondary shaft for simultaneously rotating the individual drive shafts of said thread-advancing thread store devices, said secondary shaft extending lengthwise of the apparatus as a whole in a direction paralleling said working face; and, for rotating said secondary shaft, a main drive shaft connected to a source of power."

There are two references of record in the instant case. They are: Knebusch et al., 2,146,748, February 14, 1939; Hanauer (German), 233,370, April 7, 1911.

Appellant's application for a patent seeks protection on a machine designed to make artificial silk thread, specifically that made by the viscose process, the product being commonly known as rayon, and the method pursued being known as the "continuous" process. The spinning solution of viscose is "extruded in the form of a thread into an acidic coagulating bath." A coagulated

thread emerges from the bath. The claimed novelty in appellant's device consists principally in the fact that he provides for a certain arrangement of what he specifies in his brief as a "catena" of thread-advancing thread-store devices, commonly called reels, over which the thread which is extruded through spinnerets is advanced in uninterrupted succession. The thread-store devices, or reels, are supported at one end only. While on these reels the thread is treated with the necessary fluids, suitable means being provided for applying treating fluid to the thread while on the reels and for collecting fluid discharged from the reels. The reels are arranged in a horizontal series, that is, the axes of all of the reels of any catena (the drawing showing four catena) are horizontally disposed. Appellant earnestly urges that the claims on appeal require that the free ends of the reels will be presented to a working face defined as a vertical plane paralleling the longitudinal axis of the apparatus as a whole. Otherwise expressed, he contends that the claims call for the axes of all of the reels to be so arranged that they impinge at the same acute angle upon the working face, i. e., a vertical plane paralleling the longitudinal axis of the apparatus as a whole. Other elements disclosed in appellant's application are a common secondary drive shaft for each catena and a main drive shaft.

The Knebusch et al. patent discloses a machine for the manufacture of thread in which the catenae are arranged downwardly and outwardly in an angular stepped arrangement, resulting in a working face which would be an inclined plane. There is a drive shaft back of the line of reels and another shaft driven by a motor.

The German patent to Hanauer relates to apparatus for making artificial silk threads. The specification states that there is a plurality of drums arranged in series. These drums operate in baths. The drums are arranged in a horizontal line.

The examiner held that "Knebusch et al. discloses substantially the same apparatus as applicant except that the series is arranged vertically instead of horizontally" and that "Hanauer discloses a horizontally arranged series of reels for treating rayon by the continuous process." He rejected the appealed claims as showing no invention over Knebusch et al. in view of Hanauer, and stated:

" * * * To arrange the series of reels of Knebusch et al. horizontally instead of vertically involves no invention in view of Hanauer. If a single series of reels shown by Knebusch et al. were attached to a pivotable mounting and pivoted until the series were horizontal the apparatus would be the same as that claimed in this application. It is not seen that there is any invention in so rearranging the apparatus of Knebusch et al., particularly in view of Hanauer."

The board affirmed the decision of the examiner and said:

"Claims 31, 32 and 33 would be readable on the patent to Knebusch et al. if one of the units 5a to 5i therein extended along a horizontal rather than a vertical plane. The examiner calls attention to the patent to Hanauer to show it is not new to arrange a series of thread handling rolls horizontally instead of vertically. He holds it would not amount to invention to swing one of the units in Knebusch et al. into a horizontal plane.

"Applicant urges the working face defined in the claims would not be parallel to the longitudinal axis of the apparatus as a whole if the unit were so adjusted. We regard the expression 'apparatus as a whole' as not necessarily including any more than is included in the claims. The vertical working face would be parallel to the longitudinal axis of the claimed unit. We consider claims 31, 32 and 33 not allowable over Knebusch et al., and especially so in view of Hanauer.

"Claim 29 includes the means for driving the rolls, but not in such terms as to patentably distinguish from Knebusch et al. in which the shaft 23 corresponds to the secondary shaft of the claim.

"Claim 30 includes a reagent distributing system disposed above the rolls and means disposed below the rolls for collecting the processing liquid supplied by said reagent distributing system. It seems perfectly obvious these parts should be so positioned with respect to the rolls, whether the latter be in a horizontal plane or in a vertical plane as in Knebusch et al."

The applicant argues strenuously in this court that the board, in coming to the conclusion that if one of the units in Knebusch et al. were swung into a horizontal plane, the working face would be parallel to the longitudinal axis of that unit, disregarded what the applicant terms an essential limitation of each of the appealed claims. The language in controversy is the italicized

portion of the introductory language of the appealed claims which reads:

"Apparatus for the manufacture of thread or the like in which the thread or the like is at all times accessible from *a working face defined as a vertical plane paralleling the longitudinal axis of the apparatus as a whole* * * *."

It will be seen that the board said that it did not regard the expression "apparatus as a whole" as "necessarily including any more than is included in the claims." In other words, it is the board's position that the last above quoted language is but a preamble to the involved claims and does not constitute a limitation thereof, and it is the applicant's position that the said language does constitute a limitation in each of the claims.

In support of his position applicant cites a number of interference cases involving the question of the right to make claims, and also cites the cases of In re Buttolph, 73 F.2d 936, 22 C.C.P.A., Patents, 802, and In re Buttolph, 75 F.2d 629, 22 C.C.P.A., Patents, 973. The two latter cases related to the question of whether Buttolph had disclosed in his application as filed a certain limitation which he sought to claim.

■ The Solicitor for the Patent Office in this court cites a number of cases of this court to the effect that the preamble or introductory phrase of a claim may not be taken as a part of the subject matter of the claim. Typical of such cases is In re Beplate et al., 77 F.2d 506, 22 C.C.P.A., Patents, 1232. The solicitor further argues that since the preamble may not be considered part of a claim, the limitation expressed in the preamble need not be considered even though the application disclosure would support a patentable claim if it had been made, and cites a number of cases including the famous "wax nose" case—White v. Dunbar, 119 U.S. 47, 7 S. Ct. 72, 30 L.Ed. 303.

If we should hold against applicant with regard to his contention that the preamble to the claims is to be construed as a limitation, his whole case falls, because he does not seriously contend that the prior art does not meet the appealed claims if the alleged limitation that the working face must be parallel to the longitudinal axis of the apparatus *as a whole* is not to be regarded as a material structural limitation.

Appellant also contends that claim 29, calling for a common secondary shaft for rotating the individual drive shafts of the thread-store devices, and claim 30, calling for "a reagent distributing system disposed above said thread-advancing thread-store devices for supplying processing liquid to one or more of said devices" distinguish over the prior art by reason of the aforesaid limitations.

There are affidavits in the record to the effect that the suggested modification of the Knebusch et al. device would not be operative and other affidavits to the effect that the structure of appellant is unobvious. Commercial success is also shown in one of the affidavits.

On the question as to whether or not the term "apparatus as a whole" constitutes a limitation not met by the prior art cited we are in full agreement with the conclusion reached by the tribunals below. The authorities appellant relies upon are not in point. These claims were rejected at a time when appellant, if he sought in his claims to distinguish his device from those of the prior art, could have so worded his claims as to have avoided this objection raised by the Patent Office.

We are in agreement also with the tribunals below that in view of Hanauer it would not be inventive to modify the Knebusch et al. device in the manner suggested by appellant.

■ Appellant has stressed at great length the effect that should be given to the affidavits in the record relating to commercial success. Under certain circumstances a showing of this character often turns the scales in favor of an applicant. We see nothing in the way of improvement over the prior art, as defined by the appealed claims, which would account for any unusual commercial success. Ofttimes commercial success may be obtained in the sale and exploitation of an article through good salesmanship and management. That appellant has improved the prior art has not been denied, but improvements that are in the realm of mechanical skill do not justify patent protection.

We have examined with care appellant's contention with reference to the patentable merit of the above-stated limitations found in claims 29 and 30. We see nothing unobvious in the structure as thus limited.

Appellant's motion to dismiss the appeal as to claim 34 is granted. Being in entire agreement with the decision of the Board of Appeals, the same should be and

it is affirmed as to the remaining claims—29 to 33, inclusive.

Affirmed.

LENROOT, Associate Judge, dissents.