41 C.C.P.A. (Patents)

## Application of PEET.

### Patent Appeals No. 6039.

United States Court of Customs and Patent Appeals.

March 23, 1954.

Francis P. Keiper, Syracuse, N. Y., for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the examiner rejecting the single claim in appellant's application for a patent for a design for a "Cabinet for Laundry Apparatus." The claim was rejected on the ground of lack of invention over the prior art.

The appealed claim reads as follows:

"The ornamental design for a cabinet for laundry apparatus, substantially as shown."

The references relied on are: Trombley Des. 141,841 July 10, 1945; Hardware Age, page 226 "Automatic Washer" Aug. 15, 1946.

Appellant's design is adequately described in the examiner's statement as follows:

"Applicant's design consists of a generally rectangular cabinet, provided with a slight v-front and a recessed base at the bottom of the front wall. At the rear of the top surface an inclined panel is provided which curves directly into the top as one unit.

"The corners and edges of the front of the cabinet are rounded. A band extends around the two sides and front of the cabinet several inches below the top surface while a similar band placed low on the cabinet covers the front wall and extends only a few inches around to the side walls."

The Trombley reference shows a cooking stove with a generally rectangular front with the rear portion of the top being upwardly inclined and it terminates in a generally arch-shaped outline. The inclined portion merges with the remainder of the stove top in a curving manner.

The Hardware Age reference discloses a generally rectangular flat-topped cabinet having a slight V-front, a recessed base, two bands positioned much the same as those on appellant's design, and rounded corners and edges on the front of the cabinet.

It was the opinion of the Board, that appellant's design, when viewed as a whole, fails to patentably distinguish in an ornamental sense over the cited art.

Appellant contends that his cabinet is of a novel design having an appearance different from the prior art, and having an aesthetic appeal; that his "invention resides in variations from a rectangular cabinet of what may be regarded of a minor nature, but which produce a new effect and ornamental appearance."

In considering design patents the courts have almost universally applied the rule that it is not enough if a particular design be new, original and ornamental, but there must be present the exercise of the inventive faculty as well. In re Abrams, 205 F.2d 202, 40 C.C.P.A., Patents, 1045, and cases cited therein.

A design must be judged from its appearance as a whole and it must be evident that the exercise of the inventive faculty was present in the production of a design before a patent will be granted covering the design. See In re Walter, 39 F.2d 724, 17 C.C.P.A., Patents, 982; In re Staun, 53 F.2d 545, 19 C.C.P.A., Patents, 713; In re Franck, 136 F.2d 711, 30 C.C.P.A., Patents, 1235, and authorities therein cited and reviewed.

The intent of Congress in the enactment of the design patent statute was stated in the decision of this court in the Walter case, supra, to the following effect, 39 F.2d at page 725, 17 C.C.P.A., Patents, at page 983:

"It should be remembered that the purpose of the law authorizing the grant of patents for designs was to give encouragement to the decorative arts, but it was not the purpose to grant a monopoly over a particular design, even if it presents a new and distinctive appearance, if its creation did not involve

**602**

invention. The decorative arts would be retarded instead of advanced if one, without the exercise of the inventive faculty, upon seeing a new article come into common use, could draft designs covering all attractive forms of the article and secure patents for them, thus preventing the use of the article by the public, except in its most unattractive form, unless tribute be paid to him who had secured the patents."

 When appellant's design is compared to the prior art references it is evident that the production of the design did not require the exercise of the inventive faculty. We agree with the Board that invention was not required in the production of the appealed design and the decision of the Board is hereby affirmed.

Affirmed.

JACKSON, J., retired, sat for GARRETT, C. J.