43 C.C.P.A.(Patents)
### Application of LANGE.

### Patent Appeal No. 6173.

United States Court of Customs
and Patent Appeals.
Dec. 8, 1955.

James W. Dent, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, and COLE, Associate Judges.

O'CONNELL, Acting Chief Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office sustaining the rejection by the Primary Examiner of the only two claims of the appellant's application for a patent on a holder for cut flowers. The appealed claims read:

"6. A holder for cut flowers comprising a relatively stiff flat elongated body member made of cardboard or like material, and flaps extending from opposite side edges of the body member and located a substantial distance inwardly of one end edge constituting the outer edge of said body member, said flaps being joined to the body member along outwardly diverging fold lines, the flaps being folded inwardly to overlie one side of said flat body member and being of a width to have free end portions thereof in overlapping relation and with the flaps bowed slightly laterally away from the flat body members, means for securing the overlapping end portions of the flaps together, said flaps when connected constituting means for holding the stems of flowers against said flat body member, the outer part of the flat body member that extends outwardly beyond the flaps having side edges extending on lines forming continuations of said outwardly diverging fold lines and gradually increasing in width outwardly from the flaps and constituting a firm, flat, substantially rigid support outwardly beyond said flaps for the blossoms of flowers the stems of which are held between said flaps and the inner part of the body member.

"7. A holder for cut flowers of the construction defined in Claim 6 and wherein corresponding end edges constituting the outermost edges of the flaps extend in substantially a common plan transversely of the body member at substantially a right angle to the longitudinal axis of the body member."

The references are:

Endres    2,247,191    June 24, 1941
Gardner   2,340,373    Feb. 1, 1944

The holder disclosed by appellant's application is formed from a blank of cardboard or similar material comprising a tapered backing portion having two wings, one at each side, which may be folded over the stems of flowers placed

against the backing portion, so that the flaps overlap and may be secured together to form the completed holder. The backing portion extends considerably above the wings so that, when the latter have been folded together it provides a support for those parts of the flowers which extend above the flaps.

The basic reference relied on by the Patent Office tribunals is the patent to Endres [No. 2,247,191] which shows a cut flower holder consisting of a tapered backing portion and foldable wings arranged in substantially the same manner as in appellant's application. In the patented device, however, the tops of the wings when folded, are flush with the top of the backing member, so that there is no upwardly extending support for the flowers. Endres provides a dividing member consisting of a flat tapered piece of cardboard which may be forced down into the holder after the flowers are inserted, thus flattening the holder and causing it to grip the stems of the flowers.

The secondary reference cited is the patent to Gardner [No.2,340,373] which shows a holder for plants formed from a flat blank having a substantially square base portion surmounted by an upwardly extending tapered portion. This blank may be rolled up to form a generally cylindrical container for plants and, when this is done, the tapered part of the blank provides a curved backing portion which is open on one side.

The appealed claims are clearly met by the device of the Endres patent except that that patent does not show a backing portion extending above the flaps for supporting the tops of the flowers in the holder. Such an extension, however, is clearly shown by the Gardner patent and we are of the opinion that, in view of Gardner's disclosure, it would not require invention to provide the Endres holder with an extension of the kind claimed here. The specific shape of the extension is a matter of choice and design, and we agree with the Board of Appeals that the particular shape adopted by the appellant is one which might be employed without the exercise of invention.

It is urged by the appellant that the Gardner patent cannot properly be relied on to supplement the showing of Endres for the reason that Gardner's holder is used for packaging plants to which the roots are still attached, whereas the holders of Endres and the appellant are designed to receive cut flowers. However, the problem is basically the same in each case, namely, to provide a support for the upper portions of the plants or flowers which project above the body of the holder, while at the same time permitting such upper portions to be displayed. The Gardner patent, showing how that problem can be solved in the case of plants would therefore fairly suggest a similar solution in the case of the cut flower holder of Endres.

There are of record affidavits to the effect that the appellant's device has enjoyed a considerable degree of commercial success and that it has outsold that of Endres by a wide margin. It is well settled, however, that commercial success cannot be relied on to establish patentability except in cases which are otherwise doubtful. In re Russell, 157 F.2d 190, 34 C.C.P.A., Patents, 721; In re Richmond, 150 F.2d 124, 32 C.C.P.A., Patents, 1084. In the present case, for the reasons above stated, we do not consider the question of patentability to be doubtful.

The decision of the Board of Appeals is affirmed.

Affirmed.