PATRIARCA MFG., INC., a corporation, et al., Plaintiffs,

v.

Melvin SOSNICK et al., Defendants.

PATRIARCA MFG., INC., a corporation, Plaintiff,

v.

Alfred AUSTRUY, an individual, et al., Defendants.

Nos. 35332, 35349.

United States District Court
N. D. California, S. D.
Dec. 23, 1958.

Mellin, Hanscom & Hursh, San Francisco, for plaintiffs.

Eckhoff & Slick, Edward B. Gregg, Donald F. Farbstein, San Francisco, for defendants.

OLIVER J. CARTER, District Judge.

Plaintiff owns a design patent (U. S. No. Des. 168,288, the Cameron) and a utility patent (U. S. No. 2,735,739, the Patriarca) covering a self-service cigar showcase; defendant Sosnick has sold a similar cigar showcase which is alleged to infringe plaintiff's patents, and defendant Austruy has made use of a similar cigar showcase which is alleged to infringe plaintiff's patents. The two cases have been consolidated for trial and judgment by stipulation in open court. Defendants set up various defenses including lack of invention, anticipation in the prior art, and no infringement.

Considering first the validity of the utility patent, the Patriarca, it is found that every physical element of the device is anticipated by the prior art. The elements of the Patriarca showcase are described in claims 3 and 4 of the utility patent (which are the sole claims of the patent relied upon here by the plaintiff), somewhat as follows: The display cabinet for cigars includes a base, side walls, a rear wall, a top, a lower front wall, and an upper front opening; the upper front opening is covered with sliding glass doors which slant outward from top to bottom, permitting a retail customer to slide back the glass doors and serve himself from the selection of cigars displayed inside. The cigars are displayed in boxes which are placed on a series of wooden steps behind the glass doors; the wooden steps also serve as a partition between the cigars displayed to the public and the back portion of the cabinet which houses storage space for the merchant's stock of cigars, as well as a humidifier. The wooden step partition is perforated, permitting the humidified air to circulate among the cigars displayed as well as those stored behind the perforated partition. The rear wall includes sliding doors for access to the storage area and humidifier. The humidifier is elevated above the floor of the cabinet on the

theory that better circulation of humidified air is obtained than if the humidifier were resting on the base or floor of the cabinet.

No 35322
Ptf Exhibit No. 2
Filed JAN 16 1957
C. W. Calreath, Clerk
By ANDREW T. HATCHER
Deputy Clerk

Dec. 2, 1952                D. A. CAMERON                Des. 168,288

SELF-SERVICE DISPLAY CONTAINER

Filed May 7, 1952

FIG.1

FIG.2

FIG.3

INVENTOR.
Donald G. Cameron
BY
Nathaniel Fraebs
ATTORNEY

Two photographs, defendant's exhibits "K" and "M", which are hereby incorporated in this Memorandum for Judgment, depict a cigar showcase that was sold in San Francisco by the Royal Showcase Company, a manufacturer other than the plaintiff, more than a year before application was made for the Patri-

arca patent. Referring to that example of the prior art it can readily be seen that it includes a base, side walls, a rear wall, a top, a lower front wall, and an upper front opening covered by sliding glass doors which slant outward from top to bottom. The Royal cigar case also includes a series of wooden steps for displaying cigar boxes; a storage space behind the wooden steps with access at the rear through sliding doors, and a humidifier.

The wooden step partition is not perforated in this particular cigar showcase, but expert testimony produced by the defendant revealed that it has been common practice in the industry to ventilate the risers of the steps in that general type of showcase for many years prior to the Patriarca patent. That testimony was to the effect that the risers had been ventilated by constructing them of grooved or perforated wood or masonite, or expanded metal which would provide a grillwork for ventilation. Furthermore, during the course of the prosecution of the Patriarca Patent, the patent examiner rejected various claims of the inventor on the ground that "The provision of perforations where desired is an obvious expedient  *  *  * "

The mere fact that plaintiff's device makes use of a humidifier cannot be relied upon to prove invention, because, as the evidence revealed, and as the patent examiner ruled, "the combination of a display casing and a humidifying unit is old  *  *  * " The Royal cigar case, too, made use of a humidifier that rested on the floor or base of the storage area. It is the raising of the humidifier off the floor of the storage area in the Patriarca device that is claimed to constitute invention. Plaintiff produced some evidence that the type of humidifier used in its showcase, a forced draft unit, functioned better when it was raised off the floor of the showcase. Defendants, on the other hand, produced expert testimony that the type of humidifier used in the accused device, a convection humidifier, functioned better when it was resting on the floor of the showcase rather than when it was raised some distance above the floor.

Therefore it is clear that every physical element of the Patriarca device was anticipated in similar showcases that were in common use in the industry, and the patent is relegated to the status of a "combination patent."

Combination patents are now judged by a more severe test than formerly, as shown by the discussion of the Court of Appeals for this circuit in Oriental Foods, Inc. v. Chun King Sales, Inc., 9 Cir., 1957, 244 F.2d 909, 912, quoting from the landmark case of Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 129, 95 L.Ed. 162:

> "Courts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements. The function of a patent is to add to the sum of useful knowledge. Patents cannot be sustained when, on the contrary, their effect is to subtract from former resources freely available to skilled artisans. A patent for a combination which only unites old elements with no change in their respective functions, such as is presented here, obviously withdraws what already is known into the field of its monopoly and diminishes the resources available to skillful men."

The Court of Appeals also adopted the following quotation from Consolidated Trimming Corp. v. Loudon, 99 U.S.App. D.C. 213, 239 F.2d 33, 36: "A mere advance in efficiency and utility is not enough to convert a non-inventive aggregation into a patentable combination." To the same effect see Kwikset Locks, Inc. v. Hillgren, 9 Cir., 1954, 210 F.2d 483.

Testing the validity of the Patriarca patent by those standards, this Court is brought inevitably to the conclusion that the Patriarca device constitutes an advance in efficiency and utility, but that the mere raising of the humidifier above the floor of the cabinet did not require

the exercise of inventive talent beyond the powers of the ordinary skilled artisan in the field of humidified showcases.

Therefore it is the opinion and conclusion of this Court that the Patriarca patent is invalid for want of invention, and because it was anticipated in the prior art.

Considering now the Cameron design patent, this Court must test the validity of that patent claim by the same standards as are applied to a mechanical or utility patent. In discussing the standards to be applied to design patents the Court of Appeals for this circuit said in Majestic Electric Development Co. v. Westinghouse, etc. Co., 9 Cir., 1921, 276 F. 676, 678:

> "The result obtained must not only be new, as in utility patents, but it must be also original, * * * and, furthermore, it must be ornamental. This means it must possess the elements of beauty and attractiveness; and in all this there must be invention of design, which reaches beyond the exercise of mere mechanical skill."

It is also important to remember in connection with the Cameron design patent that its validity cannot be bolstered or aided by a consideration of any functional improvements or advances claimed in the Patriarca mechanical patent. This rule was applied in Laskowitz v. Marie Designer, Inc., D.C.S.D.Cal. 1954, 119 F.Supp. 541, 545: "But differences in function and in methods of attaining the function, important though they might be in a different type of patent, have no significance in a design patent." And at page 549: "Utility does not count in a design patent." See also Rowley v. Tresenberg, D.C.E.D.N.Y., 37 F.Supp. 90, affirmed, 2 Cir., 123 F.2d 844, to the effect that in considering the question of infringement of a design patent, functional features are excluded.

It is simply the appearance of the object when it is viewed as a whole that determines whether or not the design is patentable. "The design must be considered by the impression it produces as a whole." Sel-O-Rak Corp. v. Henry Hanger, etc. Corp., 5 Cir., 1956, 232 F.2d 176, 179. "A design must be judged from its appearance as a whole * * *" Application of Peet, 1954, 211 F.2d 600, 601, 41 C.C.P.A. 824.

The appearance of the Cameron design can be seen in figures 1, 2 and 3 of plaintiff's exhibit No. 2, which is hereby incorporated in this Memorandum. Referring again to the Royal cigar showcase as an example of the prior art, and comparing plaintiff's Cameron design when viewed as a whole, with the Royal showcase when viewed as a whole, the similarity is so great and the differences so slight, that it can only be said that both designs produce the same impression to the observer. This Court cannot say that the Cameron design produces a new impression upon the eye when it is compared to the Royal showcase; "The combination of old forms to produce a new and ornamental design is not patentable unless the new design produces a new impression upon the eye." Forestek Plating & Mfg. Co. v. Knapp-Monarch Co., 6 Cir., 1939, 106 F.2d 554, 559.

The Cameron design strongly resembles the prior art in general appearance and central theme, and as the court ruled in Western Auto Supply Co. v. American-National Co., 6 Cir., 1940, 114 F.2d 711, 712: "When the idea is adapted or derived by analogy from prior usage, or when it is embodied in a design resembling the prior art in general appearance or central theme, there is no patentable invention." The plaintiff's design is a particularly streamlined, well proportioned and harmonious arrangement of the elements of the general type of showcase that had been in use in the industry prior to the application for the Cameron design patent, but it does not constitute something new, different and original in the art. As the Court of Appeals for this circuit held in Magarian v. Detroit Products Co., 9 Cir., 1942, 128 F. 2d 544, 545: "It may readily be conceded, as appellant contends, that the design of the arm is streamlined and

pleasing in appearance; but this is insufficient in the absence of invention. (Citations omitted.)"

Plaintiff produced the testimony of Mr. Marcus Glaser, who is unquestionably an expert in the field of cigar showcases; his testimony clearly established the commercial success fo the Patriarca device which bears the Cameron design.

■ Evidence of the commercial success of a device is admissible in weighing the validity of a mechanical patent, but it is of real value only if the question of validity is a close one. This rule was expressed in Pointer v. Six Wheel Corp., 9 Cir., 1949, 177 F.2d 153, 156:

"Commercial success may be taken into consideration in determining validity. The trend, at the present time, is to use it as a makeweight only 'where the patentability question is close.' (Citations omitted)."

And in Application of Lange, 1955, 228 F.2d 245, 246, 43 C.C.P.A. 714: "It is well settled, however, that commercial success cannot be relied on to establish patentability except in cases which are otherwise doubtful. (Citations omitted)."

■ It is also true that in considering the validity of a design patent, evidence of commercial acceptance of the design is relevant to the issue of invention:

"Whether a design which is novel and ornamental is entitled to coverage by a design patent depends to a large degree upon the reception which those for whom it is made, accord it."

Battery Patents Corp. v. Coe, 1937, 68 App.D.C. 61, 93 F.2d 220, 226, quoting from Standard Match Corp. v. Bell Mach. Co., 7 Cir., 1936, 83 F.2d 365, 367.

But commercial success does not supply invention where that crucial element is clearly absent: "Where * * * invention is plainly lacking, commercial success cannot fill the void. (Citations omitted)." Jungersen v. Ostby & Barton Co., 335 U.S. 560, 567, 69 S.Ct. 269, 272, 93 L.Ed. 235.

Furthermore, plaintiff made no attempt to demonstrate how much of the commercial success of its product was the result of the design of the device, how much was due to the claimed increase in mechanical efficiency, or how much might have been due to still other factors. The weakness of such a showing was described in Circle S Products Co. v. Powell Products, 7 Cir., 1949, 174 F.2d 562, 564:

"The Commercial success which they claim for their product we think is of little, if any, benefit in the instant matter. As was pointed out in Bayley & Sons, Inc. v. Standart Art Glass Co., 2 Cir., 249 F. 478, in response to a similar argument, there is nothing in the record to show what portion of the asserted success was due to the mechanical or utility features of the device and what, if any, was attributable to the design."

■ The basic test of patentability of a design is the same as that for a mechanical patent, that is, was the design beyond the powers of the ordinary designer? Connecticut Paper Products Co. v. New York Paper Co., 4 Cir., 1942, 127 F.2d 423, and cases cited at page 429. A design may be sufficiently attractive and streamlined to achieve commercial success and yet be within the ability of the ordinary designer in the field. This factor is emphasized in Butcher Boy Refrigerator Door Co. v. Phillips Refrigeration Products Co., D.C.N.D.Cal.1956, 144 F.Supp. 331, 339:

"More is required for a valid design patent than that the design be new and pleasing enough to catch the trade; it must be the product of invention, by which is it meant that conception of the design must demand some exceptional talent beyond the skill of the ordinary designer. Neufeld-Furst & Co. v. Jay-Day Frocks, 2 Cir., 112 F.2d 715; see also S. Dresner & Son v. Doppelt, 7 Cir., 120 F.2d 50; Zangerle & Peterson Co. v. Venice Furniture Novelty Mfg. Co., 7 Cir., 133 F.2d 266;

Hueter v. Compco Corp., 7 Cir., 179 F.2d 416."

Accordingly, because the appearance of the Cameron design does not produce a new impression on the eye when compared with the prior art, and because the differences between the Cameron design and prior designs are within the ability of the ordinary designer in the field of display showcases, it is the opinion and conclusion of this Court that the Cameron design patent is invalid for lack of invention and because of anticipation in the prior art.

Therefore it is concluded that Patriarca patent U. S. No. 2,735,739 is invalid as to claims 3 and 4 thereof; that Cameron patent U. S. No. Des. 168,288, is invalid; and that the defendants should be awarded judgment, together with their costs expended herein.

Counsel for defendants are directed to prepare and present findings, conclusions and a judgment in accordance herewith.