**JAYBEE MANUFACTURING CORPO-RATION, Appellant,**

v.

**AJAX HARDWARE MANUFACTURING CORPORATION, Appellee.**

No. 16858.

United States Court of Appeals Ninth Circuit.

Feb. 6, 1961.

Flam & Flam, Los Angeles, Cal., for appellant.

Thomas P. Mahoney, Los Angeles, Cal., for appellee.

Before BARNES and KOELSCH, Circuit Judges, and KILKENNY, District Judge.

PER CURIAM.

Action by appellee against appellant for alleged infringement of a design patent. Appellant filed a counterclaim under the declaratory judgments statutes (28 U.S.C. §§ 2201, 2202) challenging the validity of the patent and seeking injunctive relief.

Appellant and appellee are California corporations. The design patent in question is an article constructed of metal and shaped for use as a handle or drawer pull. This article has been on the market since October 1957. Application for the patent was originally made by appellee's assignor and letters patent were duly issued to the appellee for the term of 14 years on April 22, 1958. Appellant assigns error in two respects:

I. The District Court erred in holding that the design patent was valid; and

II. The District Court erred in refusing to enjoin appellee from harassing or annoying the appellant and appellant's customers.

I. We have carefully examined the article which was the subject of the design patent issued to appellee, and the articles which were the subject of the two references cited by the Patent Office examiner against the patent. The articles which were then known to the examiner had little in common with the design in question and it appears that the examiner had a very limited and incomplete record before him at the time he allowed said patent. The evidence is convincing that at least six prior art devices, in some instances having striking similarity to the design in question, were unknown to the Patent Office examiner at the time of the allowance. One device is identical with the exception of size

and lack of a central opening. Other prior art is of approximately the same size and incorporates such an opening. No opinion evidence was offered to assist the District Court in arriving at a conclusion on the validity of the patent.

Frankly, it seems to us that the article in question is no more than a routine design of furniture or cabinet hardware. We can see nothing unique or unusual in placing a hole, irrespective of shape, in such hardware.

■ Generally, the action of the Patent Office in allowing the patent creates a presumption of validity. However, even one prior art reference which has not been considered by the Patent Office may overthrow this presumption. Mettler v. Peabody Engineering Corp., 9 Cir., 1935, 77 F.2d 56, 58; McClintock v. Gleason, 9 Cir., 1938, 94 F.2d 115, 116; Jacuzzi Bros. v. Berkeley Pump Co., 9 Cir., 1951, 191 F.2d 632, 634. When the most pertinent art has not been brought to the attention of the administrative body the presumption is largely dissipated. France Mfg. Co. v. Jefferson Electric Co., 6 Cir., 1939, 106 F.2d 605; Jacuzzi Bros. v. Berkeley Pump Co., supra. The facts in the present case justify the invocation of such rules.

■ Although the lower court found that the patent was *duly issued* to the appellee for a design for a handle or similar article, no place does the court find or even consider in what respect the article was the recipient of the "inventive genius" necessary to the creation of a valid "design" patent. It is well settled that the exercise of the inventive or originative faculty is required and that a person cannot be permitted to select an existing form and simply put it to a new use, anymore than he can be permitted to take a patent out for the mere double use of a machine. Smith v. Whitman Saddle Co., 148 U.S. 674, 678, 13 S.Ct. 768, 37 L.Ed. 606. While we know that it is difficult to characterize the inventive features necessary to a valid design patent, it is clear that there must be originality which is born of inventive

genius. In other words, there must be more than mere mechanical skill and the completed article must rise above the ordinary. The findings do not give us light on this very essential requirement. A compelling reason for the failure to make such a finding is the fact that there is no substantial evidence in the record to support it. The fact that the article may be pleasing and streamlined is insufficient. It is arguable that the article in question, from an artistic point of view, conclusively shows an advance in design. However, not every advance flows from creative genius. Magarian v. Detroit Products Co., 9 Cir., 1942, 128 F.2d 544. It has been said that such an advance is more often to be credited to the normal progress which results when discriminating taste and judgment are applied to that which has already been discovered or created. Patriarca Manufacturing Co. v. Sosnick, 9 Cir., 1960, 278 F.2d 389, 391.

■ In support of the validity of the patent, appellee urges upon us the commercial success of the article. Such was the finding of the District Court. It is true that commercial success may be taken into consideration in determining the validity of the patent. The trend is to use such success in determining the validity of a patent as a makeweight only where the patentability question is close. Pointer v. Six Wheel Corporation, 9 Cir., 1949, 177 F.2d 153, 156. Such success should not be relied upon to establish patentability except in cases which are otherwise doubtful. In re Application of Lange, 1955, 228 F.2d 245, 246, 43 C.C.P.A. 714. However, where invention is plainly lacking, a commercial success cannot fill the void. Jungersen v. Ostby & Barton Co., 335 U.S. 560, 567, 69 S. Ct. 269, 93 L.Ed. 235. Where there is no showing, as in the present case, on how much of the commercial success was due to the advance in design or how much might have been due to other factors, the claimed commercial success is of little, if any, benefit to the trier of the facts. Circle S Products Co. v. Powell Products, Inc., 7 Cir., 1949, 174 F.2d 562, 564. A design may be sufficiently attractive and streamlined to achieve commercial success and yet be within the ability of the ordinary designer in that particular field. Connecticut Paper Products v. New York Paper Co., 4 Cir., 1942, 127 F.2d 423, 429; Krem-Ko Co. v. R. G. Miller & Sons, Inc., 2 Cir., 1934, 68 F.2d 872, 873.

■ The appearance of the design in question does not produce a new impression upon the eye when compared with the prior art and the small differences between the design in question and prior designs are well within the creative ability of the ordinary designer. After reviewing the entire record we are left with the definite and firm conviction that a mistake has been committed and that the finding of the lower court upholding the validity of the patent is clearly erroneous. It is our conclusion that the design patent in question is invalid by reason of anticipation of the prior art and for lack of invention.

■ II. Appellant complains of the failure of the District Court to grant an injunction restraining the appellee from asserting, contending, claiming or alleging that the alleged patent was ever infringed.

In Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065, on which appellant relies, the parties had participated in a number of law suits against each other over the course of years and it seemed clear from the record that a number of the plaintiff's customers had been intimidated by the litigation. Of course, there is no such record in this case. Prior to the commencement of the suit a letter of warning was directed by appellee to some of appellant's customers. There is no evidence of any subsequent action by appellee. Under such circumstances the granting of an injunction is within the sound discretion of the trial court. Russell v. Farley, 105 U.S. 433, 26 L.Ed. 1060; Jimenez v. Barber, 9 Cir., 1958, 252 F.2d 550; North Fork Water Co. v. Medland, 9 Cir., 1911, 187 F. 163; Bliss v. Anaconda Copper Min-

ing Co., 9 Cir., 1909, 167 F. 342, affirmed Bliss v. Washoe Copper Co., 186 F. 789, certiorari dismissed 231 U.S. 764, 34 S. Ct. 327, 58 L.Ed. 471. We find no error in the action of the trial judge refusing a permanent injunction.

The finding and judgment of the lower court holding said Letters Patent Des. No. 182,602 to be valid are set aside; otherwise, the judgment of the lower court is affirmed.