DUPLEX STRAW DISPENSER CO., a corporation, Plaintiff,

v.

HAROLD LEONARD & COMPANY, Inc., a California corporation, Harold Leonard Midwest Corporation, an Illinois corporation, Harold Leonard & Co., Inc., a New York corporation, and Frank Marcus, Defendants.

No. 63-1457-EC.

United States District Court
S. D. California,
Central Division.

April 9, 1964.

Baum & Aran, Beverly Hills, Cal., for plaintiff.

Allen E. Botney, Beverly Hills, Cal., for defendants.

CRARY, District Judge.

Plaintiff, by its complaint, seeks damages and injunction against defendants for alleged infringement of plaintiff's Design Patent, which defendants assert to be invalid.

Defendants have now moved for summary judgment and the hearing of said motion has been had and the court has given careful consideration to all points and authorities and affidavits filed, the devices concerned and the oral argument of counsel.

█ Design Patent, Des. 192,610, dated April 17, 1962, for Straw Dispenser was issued to Jerome Berghoff pursuant to application filed November 3, 1961, Ser. No. 67374. Plaintiff contends that the Superior Court of the State of California, in the case of Harold Leonard & Co., Inc., et al., v. Duplex Straw Dispenser Company, in Superior Court case No. 792115, decided in September, 1963, adjudged the said Design Patent involved herein to be valid. Defendants deny this but assert that the Superior Court action did adjudge that the defendants did not unfairly compete. The Findings of Fact and Conclusions of Law and Judgment in the Superior Court case are set forth as Exhibits E and F to defendants' motion for summary judgment. The complaint in the Superior Court action alleged libel on the part of the defendants therein resulting from the publication of three letters, and the court held that the said letters involved were published by the defendants under a qualified privilege. This court does not find that the State court made any Findings or Conclusions as to the validity of the said Design Patent. The memorandum opinion of the court in that case, relied on by plaintiff herein, may not be used to supplement the Findings of the court even though the said memorandum opinion could be said to hold that the design patents were valid. Ohlinger v. U. S., 219 F.2d 310 at 311 (9th Cir. 1955).

The straw dispenser of plaintiff, which it was stipulated was manufactured and sold prior to November 3, 1960, (one year prior to the filing of the application for the Design Patent), was presented to the court at the hearing of the motion for summary judgment together with the Duplex dispenser now being manufactured and sold under the Design Patent. It was stipulated that this court could inspect and consider said dispenser in its ruling on the pending motion for summary judgment.

██ Plaintiff urges that the present dispenser differs from that advertised and sold before November 3, 1960, in that it has a new stainless brush exterior finish, a new step down in the push down lever, a small change in the angle on the tabs to receive the straw and additional reinforcing on the bottom of the dispenser. Photographs of the dispenser before November, 1960, and the one manufactured and sold under the Design Patent are set forth as Exhibits A, B and C to the Gross affidavit attached to the defendants' motion for summary judgment. The court has examined the said dispensers and concludes that the changes in design are of little or no significance insofar as concerns appearance or otherwise and that the defendants did, more than one year prior to November 3, 1960, and for several years prior thereto, advertise, manufacture and sell a dispenser very similar to that described in the said Design Patent, and the court concludes that said Design Patent is in-

valid for lack of invention and by reason of anticipation in the prior art (35 U.S.C. § 102). There must be a substantial difference in a design over the prior art in order that said design be patentable. The Court of Customs and Patent Appeals, in In re Lamb, 286 F.2d 610, observed at page 611:

> "In comparing the design of the application with that of the reference it is apparent that there are some minor differences, but clearly not such a variation as to create the impression of a new or different design. The overall appearance is the same, as appears to have been intended, even though the instant design is somewhat slimmer than the reference. The fact that some dimensions are changed in a different degree than others is not patentably significant."

The Court of Appeals, Ninth Circuit, in Jaybee Manufacturing Corporation v. Ajax Hardware Manufacturing Corporation, 287 F.2d 228, states at page 230 of its opinion:

> "The appearance of the design in question does not produce a new impression upon the eye when compared with the prior art and the small differences between the design in question and prior designs are well within the creative ability of the ordinary designer."

Judge Carter, in Patriarca Mfg., Inc., et al., v. Sosnick, 169 F.Supp. 204 (D.C. N.D.Cal.), says at page 211 of his opinion:

> "Accordingly, because the appearance of the Cameron design does not produce a new impression on the eye when compared with the prior art, and because the differences between the Cameron design and prior designs are within the ability of the ordinary designer in the field of display showcases, it is the opinion and conclusion of this Court that the Cameron design patent is invalid for lack of invention and because of anticipation in the prior art."

Again, at page 209, Judge Carter states:

> "It is simply the appearance of the object when it is viewed as a whole that determines whether or not the design is patentable. 'The design must be considered by the impression it produces as a whole.' Sel-O-Rak Corp. v. Henry Hanger, etc. Corp., 5 Cir., 1956, 232 F.2d 176, 179. 'A design must be judged from its appearance as a whole * * *' Application of Peet, 1954, 211 F.2d 600, 601, 41 C.C.P.A. 824."

With respect to evidence of commercial success of a device, so strongly relied on by plaintiff herein, Judge Carter observes, at page 210 of his opinion:

> "Evidence of the commercial success of a device is admissible in weighing the validity of a mechanical patent, but it is of real value only if the question of validity is a close one. This rule was expressed in Pointer v. Six Wheel Corp., 9 Cir., 1949, 177 F.2d 153, 156."

For further authorities re requirement of substantial difference in a design over the prior art, see In re Campbell, 41 C.C.P.A. 896, 212 F.2d 606 at 610, and cases there cited.

The court concludes, after examination of the Duplex dispenser, advertised and sold for several years before November 3, 1960, that it is the same as the dispenser covered in the Design Patent, and presently sold by plaintiff, for all practical purposes and in appearance.

Plaintiff urges that there are genuine issues as to material facts to be determined as to:

(a) Identification of the inventor of the dispenser patented under Des. 192,610.

> The court concludes that this point is not material in view of the determination that the Design Patent is invalid.

(b) The State court has not already determined the question of unfair competition which is for the court to determine herein.

The court determined in the State case that there was no unfair competition as of the filing of the complaint in that action, and for the reasons and the authorities hereafter referred to, the court finds there was no unfair competition in the case at bar.

(c) Whether the State court determined that the Design Patent in suit was valid.

For the reasons stated hereinabove, this court concludes that the State court did not determine that the Design Patent here involved was valid, and after comparison of the dispensers concerned, has determined said Design Patent to be invalid, as noted above.

(d) Whether the patent is invalid by reason of prior art and anticipated prior use.

This court holds the patent to be invalid.

(e) Were the changes in plaintiff's patented dispenser and the dispenser it advertised and sold prior to November 3, 1960, of substantial difference so as to make the Design Patent invalid? This court, as noted above, has held that there was no substantial difference.

(f) Was the Design Patent infringed?

The court having held the said patent invalid, the question of infringement is moot.

(g) Did defendants' advertising and sale of the Halco dispenser constitute unfair competition in the circumstances?

This point will be considered immediately hereafter.

█ Although copying a device may prompt the cry of "foul", where the originator of the device has not protected same with a valid patent, the copying thereof is not prohibited by law. The Supreme Court of the United States, in Sears, Roebuck & Co. v. Stiffel Company, 84 S.Ct. 784, states:

"The question in this case is whether a State's unfair competition law can, consistently with the federal patent laws, impose liability for or prohibit the copying of an article which is protected by neither a federal patent nor a copyright."

Later in its opinion, the court observed that Sears had been held liable for unfair competition because of a finding of likelihood of confusion

"based only on the fact that Sears' lamp was copied from Stiffel's unpatented lamp and that consequently the two looked exactly alike."

The court then says:

"Of course there could be 'confusion' as to who had manufactured these nearly identical articles. But mere inability of the public to tell two identical articles apart is not enough to support an injunction against copying or an award of damages for copying that which the federal laws permit to be copied."

In a case decided the same day, to wit, Compco Corporation v. Day-Brite Lighting, Inc., 84 S.Ct. 779, the court states:

"Today we have held in Sears, Roebuck & Co. v. Stiffel Co., (supra) that when an article is unprotected by a patent or a copyright, state law may not forbid others to copy that article. To forbid copying would interfere with the federal policy, found in Art. I, § 8, cl. 8, of the Constitution and in the implementing federal statutes, of allowing free access to copy whatever the federal patent and copyright laws leave in the public domain. Here Day-Brite's fixture has been held not be be entitled to a design or mechanical patent. Under the federal patent laws it is, therefore, in the public domain and can be copied in every detail by whoever pleases. It is true that the trial court found that the configuration of Day-Brite's fixture identified Day-Brite to the trade because the arrangement of the ribbing had, like a trade mark, acquired

a 'secondary meaning' by which that particular design was associated with Day-Brite. But if the design is not entitled to a design patent or other federal statutory protection, then it can be copied at will."

By reason of the foregoing observations, findings and conclusions, it does not appear to the court that who invented the plaintiff's dispenser is material to the determination of the case.

The motion for summary judgment is granted and defendants' counsel is requested to prepare, serve and lodge amended proposed Findings of Fact, Conclusions of Law and Judgment in accordance with the foregoing memorandum.

This Memorandum Opinion is not to be deemed a final Judgment.