**FLEXIBLE PLASTICS CORPORATION,**
**Plaintiff,**

v.

**BLACK MOUNTAIN SPRING WATER**
**INCORPORATED, Defendant.**

**No. C–70 2020.**

United States District Court,
N. D. California.

Aug. 10, 1972.

Harris, Kiech, Russell & Kern, Warren L. Kern, David S. Romney, Los Angeles, Cal., Flehr, Hohbach, Test, Albritton & Herbert, Elmer S. Albritton, David J. Brezner, San Francisco, Cal., for defendant.

Townsend & Townsend, Stephen S. Townsend, Thomas H. Olson, J. Georg Seka, San Francisco, Cal., for plaintiff.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ZIRPOLI, District Judge.

This is a suit for patent infringement brought by Flexible Plastics Corporation against Black Mountain Spring Water, Inc. alleging that the defendant has infringed the plaintiff's patented design for a plastic jug. The patent in suit is United States Patent Des. 199,590 entitled "Jug," which was filed on March 15, 1963 and issued on November 17, 1964. The court has jurisdiction under 28 U.S.C. § 1338(a).

Defendant has moved for summary judgment on the ground that the patent in suit is invalid as a matter of law because (1) it does not involve the exercise of invention over the prior art jugs described in, *inter alia,* United States Patent Des. 197,190, patented December 24, 1963, and United States Patent Des. 194,285, patented December 25, 1962; and (2) it is not ornamental. In opposing the motion, plaintiff takes issue with both of these contentions. At the hearing, the parties did not press, and the court accordingly does not now consider, the significance of certain other unpatented jugs which may or may not constitute prior art. In the court's view, however, defendant is entitled to summary judgment in its favor on both grounds, which the court considers in order below.

■ *(1) Is the design of the patent in suit "obvious"?*

Design patents are granted under 35 U.S.C. § 171, which provides:

Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title.

The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided.

Thus, a design patent must be novel, 35 U.S.C. § 102, and non-obvious, 35 U.S.C. § 103. See Payne Metal Enterprises, Ltd. v. McPhee, 382 F.2d 541, 542 (9th Cir. 1967); Patriarca Mfg. Co. v. Sosnick, 169 F.Supp. 204 (N.D.Cal.1958), aff'd 278 F.2d 389 (9th Cir. 1960).

■■ Upon examining the prior patents of "Jugs" and comparing them to the patent in suit, the court finds that the prior art renders the patent in suit obvious. As the Court of Appeals for the Ninth Circuit said in Jaybee Mfg. Corp. v. Ajax Hardware Mfg. Corp., 287 F.2d 228, 230 (9th Cir. 1961):

The appearance of the design in question does not produce a new impression upon the eye when compared with the prior art and the small differences between the design in question and prior designs are well within the creative ability of the ordinary designer. . . . It is our conclusion that the design patent in question is invalid by reason of anticipation of the prior art and for lack of invention.

The parties agree that the test is visual: Is the design obvious in overall appearance when viewed through the eyes of the ordinary observer?

Patentability exists if the design looked at as a whole (le tout ensemble) gives a pleasing impression. Of course, the result must come from the exercise of the inventive faculty. If these elements are present, it is not material that the design may embody a regrouping of familiar forms and decorations. Laskowitz v. Marie-Designer, Inc., 119 F.Supp. 541, 544 (S.D.Cal.1954).

The Ninth Circuit has recently emphasized that because of the nature of the test for obviousness, a literal description of the visual images presented by the pertinent designs is unnecessary. What is crucial in the determination of patentability in design cases is the court's "subjective conclusion." Schwinn Bicycle Co. v. Goodyear Tire & Rubber Co., 444 F.2d 295, 299–300 (9th Cir. 1970). The court's subjective conclusion here is that the patent in suit is obvious.

*(2) Is the design of the patent in suit "ornamental?"*

■ Defendant also relies on 35 U.S.C. § 171, *supra,* as support for its contention that the design patent is invalid because it is not ornamental. In Bliss v. Gotham Industries, Inc., 316 F.2d 848, 850 (9th Cir. 1963), the Ninth Circuit observed:

Plaintiff's patent was invalid for another reason. To be patentable, a design, in addition to being new and inventive, must be ornamental. This means that it must be the product of aesthetic skill and artistic conception. . . . Plaintiff's pitcher has no particularly aesthetic appeal in line, form, color, or otherwise. It contained no dominant artistic motif either in detail or in its overall conception. Its lid, body, handle and base retain merely their individual characteristics when used in conjunction with each other without producing any combined artistic effect. The reaction which the pitcher inspires is simply that of the usual, useful and not unattractive piece of kitchenware. The design fails to meet the ornamental prerequisite of the statute.

This observation applies with equal force to the plaintiff's jug: The reaction which the jug produced in the court was simply that of an ordinary and useful liquid storage container. It is perhaps an understatement to say that it is

not a thing of beauty—it has not the slightest appeal to the aesthetic sense.

The court does not quarrel with the cases cited by the plaintiff to establish that a functional purpose does not invariably preclude patentability. See Robert W. Brown & Co., Inc. v. DeBell, 243 F.2d 200 (9th Cir. 1957); E. H. Sheldon & Co. v. Miller Office Supply Co., Inc., 188 F.Supp. 67 (S.D.Ohio 1960): If a design meets the statutory requirements for a design patent its patentability is not destroyed because it may have a functional use. However, this principle is inapposite here because the plaintiff's jug does not meet the threshold requirements for a valid design patent.

In order for a design patent to be valid, it must be: (1) new, (2) original, (3) ornamental, (4) non-obvious to a person of ordinary skill in the art, and (5) not primarily for the purpose of serving a functional or utilitarian purpose. Payne Metal Enterprises, Ltd. v. McPhee, 9 Cir., 382 F. 2d 541, 543, 546. Barofsky v. General Electric Corp., 396 F.2d 340, 342 (9th Cir. 1968).

Although the parties have not structured their dispute over the patent's validity around each of these five prerequisites, the court would have no difficulty in concluding that the patent in suit satisfied none of them. It suffices to say here that the plaintiff's jug is not ornamental within the meaning of the law.

The court concludes with a word about its regard for the presumption of validity created by the action of the Patent Office. While the court would normally feel that the decision of knowledgeable and experienced administrative officers is entitled to great weight, it is perfectly apparent that the Patent Office did not consider certain exemplars of patented prior art which were before the court. The Ninth Circuit has noted that "even one prior art reference which has not been considered by the Patent Office may overthrow this presumption" and that "when the most pertinent art has not been brought to the attention of the administrative body the presumption is largely dissipated." Jaybee Mfg. Co. v. Ajax Hardware Mfg. Co., *supra*, 287 F. 2d at 229. The Court of Appeals has also expressed the view that the presumption is almost a "nullity" in patent cases in any event. Jacuzzi Bros., Inc. v. Berkeley Pump Co., 191 F.2d 632, 634–35 (9th Cir. 1951), quoted with approval in Bentley v. Sunset House Distributing Corp., 359 F.2d 140, 146 (9th Cir. 1966). Accordingly, the mere fact that plaintiff's jug received a patent is entitled to very little weight.

In the circumstances of this case, summary judgment is appropriate. There is simply no issue of fact genuinely in dispute the resolution of which is indispensable to decision of the case.

It is true that summary judgment is seldom used in patent cases. This is largely a result of the technological problems which ordinarily arise in litigation involving a utility (as opposed to design) patent. In such cases, the trial court often needs the assistance of expert testimony to determine the nature of the patented device as well as the scope and content of the pertinent prior art. There is no such need for expert testimony in litigation involving a design patent of this type where no special technological problems are presented and the legal issues . . . are particularly adapted to summary disposition. Schwinn Bicycle Co. v. Goodyear Tire & Rubber Co., *supra*, 444 F.2d at 297–98.

This case clearly satisfies the foregoing test of the appropriateness of summary judgment. It appearing from the pleadings and records on file that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment that the patent in suit is invalid as a matter of law.

It is hereby ordered that the defendant's motion for summary judgment is granted. Each party shall bear its own costs.